UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMISON STIRILING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1420 RLW |
| | ) | |
| ALLIANT NATIONAL TITLE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) or, Alternatively, Motion for More Definite Statement Pursuant to Rule 12(e) (ECF No. 8). The motion is fully briefed and ready for disposition.

## Background

Plaintiff originally filed this *pro se* action in the Circuit Court of St. Louis County, Missouri on August 18, 2015. Defendant Alliant National Title Insurance Company ("Alliant") removed the case on September 15, 2015 based on diversity jurisdiction. In his Petition for Declaratory Judgment, Breach of Contract, Breach of Fiduciary Duty, Negligence, and Punitive Damages, Plaintiff alleges that Defendant issued an Owner's Policy of Title Insurance pertaining to property Plaintiff purchased in St. Louis County, Missouri. (Pet., ECF No. 3) Plaintiff claims that on February 3, 2011, he purchased the property as a homestead and executed a Deed of Trust and Security Agreement in favor of Gary Stafford of G. Stafford Company ("G. Stafford"). (*Id.* at ¶ 7) Additionally, Plaintiff asserts that he executed a Promissory Note in favor of Gary Stafford in the amount of $57,000. (*Id.* at ¶ 8) According to Plaintiff, G. Stafford Company borrowed $46,468.96 from Sun Security Bank ("Bank") and pledged the Deed of Trust as

collateral. (*Id.* at ¶¶ 9-10) When G. Stafford defaulted on the loan, the Bank initiated foreclosure proceedings against Plaintiff. (*Id.* at ¶¶ 14-15) Plaintiff asserts that Defendant knew or could reasonably have known about the pattern and practice of G. Stafford's fraud and that Defendant was complicit in the fraud by issuing title insurance polies to G. Stafford and to unsuspecting borrowers whose homes were encumbered by G. Stafford loans. (*Id.* at ¶¶ 16-17)

Plaintiff's Petition requests declaratory judgment declaring that the Title Insurance Policy ("Policy") issued by Defendant applies to his home (Count I). Plaintiff further presents claims for breach of contract for failure to pay attorney's fees or take corrective action to help Plaintiff clear title to his property (Count II); breach of fiduciary duty by "acting complicitly [sic]" with G. Stafford's fraud (Count III); negligence for failing to disclose prior encumbrances and fraud (Count IV); vexatious refusal to pay under the Policy (Count V); and punitive damages for underwriting the Policy and failing to disclose encumbrances (Count VI).

In response, Defendant filed a Motion to Dismiss and Alternative Motion for More Definite Statement. Defendant contends that the Petition is unclear which Deed of Trust Plaintiff is referring to, the Deed of Trust Plaintiff gave to G. Stafford or the Deed of Trust G. Stafford gave to Sun Security Bank. Further, Defendant asserts that the Petition provides no details regarding the foreclosure proceedings or how the Policy insured him for fees to clear his title.[1] Defendant maintains that the Petition fails to state a claim upon which relief can be granted such

---

[1] Plaintiff has attached to his Petition the policy issued by Alliant and a loan agreement between G. Stafford Company and Sun Security Bank. (ECF Nos. 3-1, 3-2) Further, in relation to the property at issue, Defendant has attached additional documents. (Def.'s Mem. in Support Exs. A-D, ECF No. 9) "The documents attached to the Complaint and responsive pleadings are necessarily embraced by the pleadings and can be considered under the instant 12(b)(6) motion without converting the instant dismissal motion to a motion for summary judgment." *Reitz v. Nationstar Mortgage, LLC*, 954 F. Supp. 2d 870, 876 (E.D. Mo. 2013). Here, the Court has only considered those documents necessarily embraced by the pleadings in rendering its decision.

that dismissal is appropriate. Alternatively, Defendant moves for a more definite statement under Federal Rule of Civil Procedure 12(e).

## **Legal Standards**

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

In addition, under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). However, when a "'pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding.'" *Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL

3

4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

## Discussion

In the instant case, the Court finds that dismissal is not warranted. Liberally construing Plaintiff's *pro se* Petition, he alleges that, prior to Plaintiff's purchase of the property, G. Stafford used the property as collateral to secure a loan from Sun Security Bank. Plaintiff alleges that this loan was fraudulent and forms the basis of his claim against Alliant for failure to discover or disclose the fraud and accompanying encumbrance. However, while Petitioner sets forth allegations regarding the alleged fraud committed by G. Stafford and Sun Security Bank, who are not parties to this action, the Petition itself is unintelligible as written with regard to Defendant Alliant. "Although notice pleading is a liberal standard, and a pro se litigant's complaint is to be liberally construed, the complaint must provide the defendant with some idea of what the claims and allegations are." *Stith v. Laclede Gas Co.*, No. 4:11CV00436 AGF, 2011 WL 3235918, at *2 (E.D. Mo. July 28, 2011). Here, the Petition in its present form is so ambiguous that the Court cannot expect Defendant Alliant to prepare a response. Thus, the Court will order Plaintiff to file a First Amended Complaint setting forth the bases for liability on the part of Alliant. Plaintiff may not merely supplement his state court Petition. He must submit a new Complaint that sets forth each count he wishes to pursue and the facts supporting each claim against Alliant. *Id.*

As a housekeeping matter, the Court notes Plaintiff's Motion for Leave to Add Third-Party Defendant/Claim under Federal Rule of Civil Procedure 14. That Rule pertains to a third-party action brought by a defending party/third party plaintiff. Here, Alliant has not raised a

4

claim against any third parties for Plaintiff to assert his claim against. Fed. R. Civ. P. 14(a)(3). Therefore, the Court will deny Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**, and its Alternative Motion for More Definite Statement is **GRANTED** (ECF No. 8).

**IT IS FURTHER ORDERED** that Plaintiff shall file a First Amended Complaint as set forth above no later than June 17, 2016.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Add Third-Party Defendant/Claim is **DENIED** (ECF No. 20).

**IT IS FURTHER ORDERED** that the Order Setting Rule 16 Conference (ECF No. 23) is **VACATED** and the conference set for June 15, 2016 is canceled pending receipt of Plaintiff's amended complaint and Defendant's response.

Dated this 24th Day of May, 2016.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**