UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMISON STIRILING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1420 RLW |
| | ) | |
| ALLIANT NATIONAL TITLE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 31). The motion is fully briefed and ready for disposition.

## Background

Plaintiff originally filed this action in the Circuit Court of St. Louis County, Missouri on August 18, 2015. Defendant Alliant National Title Insurance Company ("Alliant") removed the case on September 15, 2015 based on diversity jurisdiction. On May 24, 2016, this Court granted Defendant's motion for more definite statement and ordered the Plaintiff to file a First Amended Complaint. (ECF No. 24) Plaintiff filed his First Amended Complaint on June 24, 2016, alleging claims for Declaratory Judgment (Count I); Breach of Contract (Count II); Negligence (Count III); and Punitive Damages (Count IV).

Plaintiff claims that on February 3, 2011, he purchased the property as a homestead at 11931 Roseview Lane in St. Louis, Missouri ("Roseview property") and executed a Deed of Trust and Security Agreement in favor of Gary Stafford of G. Stafford Company (collectively "Stafford"). (First Am. Compl. ("FAC") ¶ 9, ECF No. 27) Additionally, Plaintiff asserts that he executed a Promissory Note in favor of Stafford in the amount of $57,000. (*Id.* at ¶ 10) On that

same date, Defendant Alliant National Title Insurance Company ("Alliant") issued an ALTA Owners Policy of Title Insurance insuring against loss or damage by reason of any defect or lien or encumbrance on the title. (*Id.* at ¶¶ 6-7)

According to Plaintiff, G. Stafford Company borrowed $46,468.96 from Sun Security Bank ("Bank") on the Roseview property and pledged the Deed of Trust as collateral on November 10, 2010. (*Id.* at ¶¶ 11-13) When G. Stafford defaulted on the loan, the Bank initiated foreclosure proceedings against Plaintiff. (*Id.* at ¶ 20) Plaintiff asserts that Defendant knew or could reasonably have known about the pattern and practice of G. Stafford's pledging deeds of trust and promissory notes of unsuspecting homeowners as collateral for a personal Gary Stafford loan, then defaulting and subjecting homeowners to foreclosure. (*Id.* at ¶¶ 22, 25) Plaintiff further avers that Defendant was complicit in and profited from Gary Stafford's mortgage fraud by issuing title insurance polies to G. Stafford and to homeowners whose homes were encumbered by G. Stafford loans. (*Id.* at ¶¶ 23, 26-28) Plaintiff contends that Alliant failed to disclose prior encumbrances to Plaintiff, causing damages. (*Id.* at ¶ 31)

Plaintiff's First Amended Complaint requests declaratory judgment declaring the rights and obligations of the parties under the Title Insurance Policy ("Policy") issued by Defendant (Count I). Plaintiff further presents a claim for breach of contract for failure to take corrective action to cure the defect in Plaintiff's title (Count II); negligence for failing to discover and disclose the title defects and liens (Count III); and punitive damages for being aware of and complicit in G. Stafford's mortgage fraud by selling homeowners title insurance policies and failing to disclose liens (Count IV).

In response, Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 31). Defendant contends that Plaintiff has not alleged any facts establishing liability

2

on part of Alliant for a purported fraud perpetrated by Stafford or for failing to disclose a lien in favor of Stafford. Further, Defendant asserts that Plaintiff cannot establish a duty because Alliant did not insure against the claimed fraud of Stafford and because the Sun Security Deed of Trust was no longer an encumbrance when Plaintiff purchased the property.[1] Defendant thus argues that the First Amended Complaint fails to state a claim upon which relief can be granted such that dismissal is appropriate.

## Legal Standards

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[1] Plaintiff has attached to his original Petition the policy issued by Alliant and a loan agreement between G. Stafford Company and Sun Security Bank. (ECF Nos. 3-1, 3-2) Plaintiff filed with the First Amended Complaint the Deed of Trust and Security Agreement between Plaintiff and Gary Stafford; the Warranty Deed between G. Stafford Company and Plaintiff; a Settlement Statement on the Roseview property; the Change in Terms Agreement between G. Stafford Company and Sun Security Bank; and other various transactions by Stafford. (ECF No. 28) Defendant Alliant has included in its Motion to Dismiss the Deed of Trust Assignment from Sun Security Bank to G. Stafford Company; the Successor Trustees Deed under Foreclosure between Allied Property Ventures, L.C. and G. Stafford Company; the Affidavit of Publication for the Trustee Sale of the Roseview property; and the General Warranty Deed between Plaintiff and G. Stafford Company. (Def.'s Mem. in Support of Mot. to Dismiss, ECF No. 32) "The documents attached to the Complaint and responsive pleadings are necessarily embraced by the pleadings and can be considered under the instant 12(b)(6) motion without converting the instant dismissal motion to a motion for summary judgment." *Reitz v. Nationstar Mortgage, LLC*, 954 F. Supp. 2d 870, 876 (E.D. Mo. 2013). Here, the Court has only considered those documents necessarily embraced by the pleadings in rendering its decision.

cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

## **Discussion**

Defendant argues that Plaintiff has failed to plead any facts which give rise to a cause of action against Alliant. Instead, Plaintiff raises claims of fraud allegedly committed by non-parties Stafford against Plaintiff. In addition Defendant contends that Plaintiff does not provide

facts sufficient to state a claim against Defendant Alliant under the Policy purchased by Plaintiff because there was no defect in Plaintiff's title, and Alliant did not insure against the alleged fraud of Stafford. In response, Plaintiff contends that he has alleged facts sufficient to state a claim because Defendant failed to honor its contractual obligations under the policy by failing to discover the defects in the title and failing to indemnify Plaintiff for losses incurred while defending title to the Roseview property.

Liberally construing Plaintiff's *pro se* First Amended Complaint and accepting all facts as true, the Court finds that dismissal is not warranted at this time. The crux of Defendant's argument for dismissal is that there was no defect in in Plaintiff's title because the Sun Security Deed of Trust had been foreclosed upon and purchased by G. Stafford Company prior to Plaintiff's purchase and Alliant's involvement. Alliant points to its exhibits indicating that Sun Security Bank reassigned the Deed of Trust on the Roseview property to G. Stafford Company on June 1, 2010; G. Stafford Company defaulted on the Note; the Deed of Trust was foreclosed upon in July 2010; and G. Stafford Company purchased the property and sold it to Plaintiff in 2011. What Defendant does not address is the loan to G. Stafford Company from Sun Security Bank, with the Roseview property as collateral. The exhibits attached to Plaintiff's First Amended Complaint shows that G. Stafford Company took out a $47,000 loan on November 10, 2009, and then changed the terms of agreement in November, 2010, changing the maturity date to January 3, 2012 and securing the agreement by the Roseview property as collateral. (FAC Ex. C, ECF No. 28 pp. 14-16) This change in terms occurred after the foreclosure, and the record at this stage of the litigation is unclear what, if any, impact this loan has on the allegations against Alliant set forth in Plaintiff's First Amended Complaint.

Therefore, because the argument for dismissal of all four counts relies on the 2010 foreclosure and does not address the loan as set forth in Plaintiff's complaint, the Court will deny Defendant Alliant's motion to dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 31) is **DENIED** without prejudice.

Dated this 7th day of March, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**